UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-21484-BLOOM/Otazo-Reyes

IGNITE INTERNATIONAL, LTD.,

    Plaintiff,

v.

P.A.C. TRADING GROUP, INC.,

    Defendant.
_____/

## ORDER REMANDING CASE

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On April 19, 2023, Defendant P.A.C. Trading Group, Inc. filed a Notice of Removal, ECF No. [1] ("Notice"), from the Circuit Court for the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida, based upon this Court's diversity jurisdiction, 28 U.S.C. § 1332. Upon review of the Notice and the attached exhibits, the Court determines that this case must be remanded to state court.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted). Therefore, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given

type of case and cannot be waived or otherwise conferred upon the court by the parties." *Id.* (quotation marks omitted). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id*.

"A district court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (quotation marks omitted). Pursuant to 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."

However, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title **may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought**." 28 U.S.C. § 1441(b)(2) (emphasis added); *see also Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 69 (1996) ("When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court, **provided that no defendant is a citizen of the state in which the action was brought**." (emphasis added)).

Here, Defendant seeks removal to federal court based on diversity jurisdiction. ECF No. [1]. However, "Defendant is a Florida Corporation with its principal place of business in Miami, FL." *Id*. at 1. Thus, even though the parties are diverse, this action is not removable pursuant to 28 U.S.C. § 1441(b)(2).

Case No. 23-cv-21484-BLOOM/Otazo-Reyes

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This matter is **REMANDED** to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, for further proceedings.

2. The Clerk is directed to **CLOSE** this case.

3. All pending motions are **DENIED AS MOOT**, and any scheduled deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 20, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record